PROB 12C
(7/93)

Report Date: April 27, 2016

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 2 7 2016

S....           ......  ....ERK
SPOKANE, WASHINGTON      DEPUTY

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Johauna Marie Byers          Case Number: 0980 2:11CR00181-WFN-4

Address of Offender: ████████████████ Spokane, Washington 99201

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: November 8, 2012

| | |
|---|---|
| Original Offense: | Distribution of 5 grams or More of Pure (actual) Methamphetamine, 21 U.S.C. § 841(a)(1),(b)(1)(B)(viii) |

| | | | |
|---|---|---|---|
| Original Sentence: | Prison - 64 months<br>TSR - 60 months | Type of Supervision: Supervised Release | |
| Asst. U.S. Attorney: | Alison L. Gregoire | Date Supervision Commenced: September 9, 2015 | |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: September 8, 2020 | |

---

## PETITIONING THE COURT

### To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 9**: The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.<br><br>**Supporting Evidence**: Johauna Byers violated the conditions of her supervised release by having contact with an individual, Phillip Mitchell, who had been convicted of a felony, who was engaged in criminal activity, and without the permission of the Court or her probation officer.<br><br>On the morning of April 14, 2016, Johauna Byers contacted the undersigned officer via telephone and reported that her apartment had been searched by the Washington State Gambling Commission the night before. Ms. Byers stated that law enforcement officers told her the purpose of their search was to find evidence of crimes which were believed to have been committed by Phillip Mitchell. When asked why items belonging to Mr. Mitchell were suspected to be in her apartment, Ms. Byers admitted to having contact with Mr. Mitchell a few days prior to the search. She also admitted that he stayed at her apartment on occasion. |

Prob12C
**Re: Byers, Johauna Marie**
**April 27, 2016**
**Page 2**

Ms. Byers had been specifically directed to not have contact with Mr. Mitchell on numerous occasions, both by the undersigned officer as well as her previous supervising probation officer.

2          **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence:** Johauna Byers violated the conditions of her supervised release by giving false statements to her assigned probation officer on multiple occasions.

On September 9, and December 2, 2015, and again on April 4, 2016, Ms. Byers was directed by her probation officer to not have contact with Phillip Mitchell. Throughout that time Ms. Byers maintained she had not had contact with Mr. Mitchell since her term of supervised release began. On April 14, 2016, Ms. Byers admitted to having ongoing contact with Mr. Mitchell.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   April 27, 2016

s/Jeremy M. Tracy

Jeremy M Tracy
U.S. Probation Officer

## THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

4/27/16

Date